UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL QUINTEL JOHNSON,<br><br>　　　　Plaintiff/s,<br><br>　　v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC., et al.,<br><br>　　　　Defendant/s. | Case No. SACV 12-230-JST (JPRx)<br><br>**INITIAL STANDING ORDER FOR CASES ASSIGNED TO JUDGE JOSEPHINE STATON TUCKER** |

**PLEASE READ THIS ORDER CAREFULLY. IT GOVERNS THIS CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

　　This case has been assigned to the calendar of Judge Josephine Staton Tucker. Both the Court and counsel bear responsibility for the progress of this litigation in federal court. To "secure the just, speedy, and inexpensive determination" of this case, as called for in Fed. R. Civ. P. 1, all parties or their counsel are ordered to become familiar with the Federal Rules of Civil Procedure, the Local Rules of the Central District of California, and this Court's standing orders.

THE COURT ORDERS AS FOLLOWS:

**1.     Service of the Complaint**

The plaintiff shall promptly serve the complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Local Rule 5-3.1. Although Fed. R. Civ. P. 4(m) does not require the summons and complaint to be served for 120 days, the Court expects service much sooner. The Court will require plaintiffs to show good cause to extend the service deadline beyond 120 days.

**2.     Presence of Lead Counsel**

Lead trial counsel shall attend any scheduling, pretrial, or settlement conference set by the Court. The Court does not entertain special appearances; only counsel of record may appear.

**3.     Ex Parte Applications**

Ex parte applications are solely for extraordinary relief and should be used with discretion. *See Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). Ex parte applications that fail to conform to Local Rule 7-19 and 7-19.1, including a statement of opposing counsel's position, will not be considered except on a specific showing of good cause. Concurrently with service of the ex parte papers by electronic service, facsimile, or personal service, the moving party shall notify the opposition that opposing papers must be filed no later than twenty-four (24) hours (or one court day) following service. On the day the documents are e-filed, a conformed courtesy copy of moving, opposition, or notice of non-opposition papers are to be hand-delivered to the courtesy box on the 10th floor. If counsel do not intend to oppose the ex parte application, counsel must inform the Courtroom Deputy by telephone as soon as possible.

**4.     Continuances or Extensions of Time**

This Court has a strong interest in keeping scheduled dates certain. Changes in dates are disfavored. Trial dates set by the Court are firm and will rarely be changed. Therefore, any request, whether by application or stipulation, to continue the date of any matter before this Court **must** be supported by a sufficient basis that demonstrates good cause why the change in the date is essential. Without such compelling factual support, requests to continue dates set by this Court will not be approved. Counsel requesting a continuance must electronically file any application or stipulation and lodge a proposed order including a **detailed** declaration of the grounds for the requested continuance or extension of time. The Court will not consider any request that does not comply with the Local Rules and this Order. Proposed stipulations extending scheduling dates do not become effective unless and until this Court so orders. Counsel should avoid submitting requests for continuance less than at least five (5) court days prior to the expiration of the scheduled date.

**5.     TROs and Injunctions**

Parties seeking emergency or provisional relief shall comply with Fed. R. Civ. P. 65 and Local Rule 65. The Court will not rule on any application for such relief for at least twenty-four hours after the party subject to the requested order has been served, unless service is excused. Such party may file opposing or responding papers in the interim.

**6.     Cases Removed from State Court**

All documents filed in state court, including documents appended to the complaint, answers, and motions, must be refiled in this Court as a supplement to the notice of removal. *See* 28 U.S.C. § 1447(a) and (b). If the defendant has not yet answered or moved, the answer or responsive pleading filed in this Court must comply with the Federal Rules of Civil Procedure and the Local Rules. If, before the case was

3

1   removed, a motion was pending in state court, it must be re-noticed in accordance with
2   Local Rule 7.  Counsel shall file with their first appearance an original and two copies
3   of a Notice of Interested Parties in accordance with Local Rule 7.1.

4         If an action is removed to this Court that contains a form pleading, i.e., a
5   pleading in which boxes are checked, the party or parties utilizing the form pleading
6   must file an appropriate pleading with this Court within thirty (30) days of receipt of the
7   Notice of Removal.  The appropriate pleading referred to must comply with the
8   requirements of Fed. R. Civ. P. 7, 7.1, 8, 9, 10 and 11.

10   **7.   Status of Fictitiously Named Defendants**
11         This Court intends to adhere to the following procedures where a matter is
12   removed to this Court on diversity grounds with fictitiously named defendants. *See* 28
13   U.S.C. §§ 1441(a) and 1447.
14         **a.**   Plaintiff is normally expected to ascertain the identity of and serve any
15   fictitiously named defendants within 120 days of the removal of the action to this Court.
16         **b.**   If plaintiff believes (by reason of the necessity for discovery or otherwise)
17   that fictitiously named defendants cannot be fully identified within the 120-day period,
18   an ex parte application requesting permission to extend that period to effectuate service
19   may be filed with this Court.  Such application shall state the reasons therefore, and may
20   be granted upon a showing of good cause. The ex parte application shall be served upon
21   all appearing parties, and shall state that appearing parties may comment within seven
22   (7) days of the filing of the ex parte application.
23         **c.**   If plaintiff wants to substitute a defendant for one of the fictitiously
24   named defendants, plaintiff shall first seek the consent of counsel for all defendants
25   (and counsel for the fictitiously named party, if that party has separate counsel).  If
26   consent is withheld or denied, plaintiff should file a motion on regular notice.  The
27   motion and opposition should address whether the matter should thereafter be remanded
28

to the superior court if diversity of citizenship is destroyed by the addition of the newly substituted party. *See* U.S.C. § 1447(c), (d).

**8. Discovery**

    **a. Discovery Matters Referred to Magistrate Judge**

All discovery matters have been referred to the assigned United States Magistrate Judge, who will hear all discovery disputes. The Magistrate Judge's initials follow the District Judge's initials next to the case number. All discovery-related documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing. Counsel are directed to contact the Magistrate Judge's courtroom deputy clerk to schedule matters for hearing. Please deliver mandatory chambers copies of discovery-related papers to the Magistrate Judge assigned to this case rather than to this Court.

In accordance with 28 U.S.C. § 636(b)(1)(A), the Court will not reverse any order of the Magistrate Judge unless it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law.

Any party may file and serve a motion for review and reconsideration before this Court. *See* Local Rule 72-2. The moving party must file and serve the motion within fourteen (14) days of service of a written ruling or within fourteen (14) days of an oral ruling that the Magistrate Judge states will not be followed by a written ruling. The motion must specify which portions of the ruling are clearly erroneous or contrary to law and support the contention with points and authorities. Counsel shall deliver a conformed copy of the moving papers and responses to the Magistrate Judge's courtroom deputy clerk at the time of filing.

    **b. Compliance with Fed. R. Civ. P. 26(a)**

Unless there is a likelihood that upon motion by a party the Court would order that any or all discovery is premature, it is advisable for counsel to begin to conduct

discovery actively before the Scheduling Conference. At the very least, the parties shall comply fully with the letter and spirit of Fed. R. Civ. P. 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery, because at the Scheduling Conference the Court will impose firm deadlines to complete discovery.

**9.     Applications to Seal**

     **a.     Standard**

In accordance with Local Rule 79-5.1, absent authorization by rule or statute, no case or document may be filed under seal without written application to, and prior approval by, the Court. The existence of a Protective Order issued by the assigned Magistrate Judge relating to the treatment of documents produced during discovery does not constitute a court order permitting an under seal filing. There is a strong presumption that the public has a right of access to records in civil cases. For non-dispositive motions, the party seeking to maintain the confidentiality of the document(s) or portions thereof must show good cause. For dispositive motions, the party seeking protection must articulate compelling reasons for maintaining the confidentiality of the document(s) and must seek relief that is narrowly tailored to the protected interest. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). Reliance upon the parties' designation of documents as "Confidential" or "Highly Confidential" or "Attorneys' Eyes Only" is insufficient. Rather, the party must provide competent evidence to support any application. **No document will be filed under seal in its entirety unless it is shown in the application that it is not feasible to file a redacted version for public viewing.** Any proposed redactions **must be highlighted** in the under seal version of the document so that the Court may readily determine what information the party or parties seek to maintain as confidential.

**10. Motions**

    **a.  Time for Filing and Hearing Motions**

Motions shall be filed in accordance with Local Rule 7. This Court hears motions on Mondays, beginning at 10:00 a.m. If Monday is a national holiday, motions will be heard on the next Monday. It is not necessary to clear a hearing date with the Court Clerk before filing a motion. If the motion date selected is not available, the Court will issue a minute order continuing the date. Counsel should check the Court's website for Closed Motion Dates.

    **b.  Pre-Filing Requirement To Meet and Confer**

Counsel must comply with Local Rule 7-3, which requires counsel to engage in a pre-filing conference "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution." Counsel should discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. Counsel should resolve minor procedural or other non-substantive matters during the conference. The *in propria persona* status of one or more parties does not negate this requirement.

    **c.  Length and Format of Motion Papers**

Memoranda of points and authorities shall not exceed 25 pages and all footnotes shall be in the same type size as text. *See* Local Rules 11-6 and 11-3.1.1. Only in rare instances and for good cause shown will the Court grant an application to extend these page limitations. No supplemental brief shall be filed without prior leave of Court. If documentary evidence in support of or in opposition to a motion exceeds 50 pages, the evidence must be separately bound and tabbed and include an index. If such evidence exceeds 200 pages, the documents shall be placed in a Slant D-Ring binder, with an index and with each item of evidence separated by a tab divider on the right side.

**d.     Citations to Case Law**

Citations to case law must identify not only the case cited, but the specific page referenced.

**e.     Citations to Other Sources**

Statutory references should identify with specificity the sections and subsections referenced. Citations to treatises, manuals, and other materials should include the volume, section, and pages being referenced.

**f.     Oral Argument**

If the Court deems a matter appropriate for decision without oral argument, the Court will notify the parties in advance.

**11.     Specific Motions**

**a.     Motions Pursuant to Rule 12**

Many motions to dismiss or to strike can be avoided if the parties confer in good faith (as required by Local Rule 7-3), especially for perceived defects in a complaint, answer, or counterclaim that could be corrected by amendment. *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment). Moreover, a party has the right to amend the complaint "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). A Rule 12(b)(6) motion is not a responsive pleading and therefore plaintiff might have a right to amend. *See, e.g.*, *St. Michael's Convalescent Hospital v. California*, 643 F.2d 1369, 1374 (9th Cir. 1981). Even after a complaint has been amended or a responsive pleading has been served, the Federal Rules provide that leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

These principles require that plaintiff's counsel carefully evaluate defendant's contentions as to the deficiencies in the complaint. In most instances, the moving party should agree to any amendment that would cure the defect.

### b. Motions to Amend

All motions to amend pleadings shall: (1) state the effect of the amendment and (2) identify the page and line number(s) and wording of any proposed change or addition of material. The proposed amended pleading shall be serially numbered to differentiate it from previously amended pleadings.

In addition to the requirements of Local Rule 15-1, counsel shall attach as an appendix to the moving papers a "redlined" version of the proposed amended pleading indicating all additions and deletions of material.

### c. Summary Judgment Motions

Parties need not wait until the motion cutoff date to bring motions for summary judgment or partial summary judgment. Whenever possible, the party moving for summary judgment should provide more than the minimum twenty-eight (28) day notice for motions. *See* Local Rule 6-1. The parties should prepare papers in a fashion that will assist the Court in absorbing the facts (e.g., generous use of tabs, tables of contents, headings, indices, etc.). The parties are to comply precisely with Local Rules 56-1 through 56-4.

#### i. Statements of Uncontroverted Facts and Genuine Issues

The Statement of Uncontroverted Facts and Conclusions of Law ("Statement of Uncontroverted Facts"), as required by Local Rule 56-1 shall separately identify each claim for relief on which the moving party seeks summary judgment and the legal grounds for summary judgment. In a two-column format beneath the identified claim for relief, the left-hand column shall set forth, sequentially numbered, each allegedly uncontroverted material fact as to that claim for relief, and the right-hand column shall set forth the evidence that supports the factual statement. Citation to the supporting

evidence shall be specific, including reference to the exhibit, page, and line number. The Statement of Uncontroverted Facts shall be formatted based on the following examples:

**Plaintiff's Claim for Relief for _____ is Barred by the Applicable Statute of Limitations. (Cite)**

| 1. (Moving party's first undisputed fact) | (Supporting evidence citation) |
|---|---|
| 2. (Moving party's second undisputed fact) | (Supporting evidence citation) |

The opposing party's statement of genuine issues must be in two columns and track the movant's separate statement exactly as prepared. The left-hand column must restate the allegedly undisputed fact and the alleged supporting evidence, and the right-hand column must state either that it is undisputed or disputed. The opposing party may dispute all or only a portion of the statement, but if disputing only a portion, it must clearly indicate what part is being disputed, followed by the opposing party's evidence controverting the fact. To demonstrate that a fact is disputed, the opposing party must briefly state why it disputes the moving party's asserted fact, cite to the relevant exhibit or other piece of evidence, and describe what it is in that exhibit or evidence that refutes the asserted fact. No legal argument should be set forth in this document.

The opposing party may submit additional material facts that bear on or relate to the issues raised by the movant, which shall follow the format described above for the moving party's separate statement. These additional facts shall continue in sequentially numbered paragraphs and shall set forth in the right hand column the evidence that supports that statement.

    **ii. Supporting Evidence**  No party shall submit evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact. For example, entire deposition transcripts, entire sets of interrogatory responses, and documents that do not specifically support or

1  controvert material in the separate statement shall not be submitted in opposition to a
2  motion for summary judgment.
3      Evidence submitted in support of or in opposition to a motion should be
4  submitted either by way of stipulation or as exhibits to declarations sufficient to
5  authenticate the proffered evidence, and should not be attached to the memorandum of
6  points and authorities.  Documentary evidence as to which there is no stipulation
7  regarding foundation must be accompanied by the testimony, either by declaration or
8  properly authenticated deposition transcript, of a witness who can establish authenticity.

9      **iii.    Objections to Evidence**

10     If a party disputes a fact based in whole or in part on an evidentiary objection,
11 the ground of the objection should be succinctly stated in a separate statement of
12 evidentiary objections in a two-column format.  The left column should identify the
13 items objected to (including page and line number if applicable) and the right column
14 should set forth a concise objection (e.g., hearsay, lacks foundation, etc.) with a citation
15 to the Federal Rules of Evidence or, where applicable, a case citation.

16 **12.    Notice of This Order**

17     Plaintiff's counsel or plaintiff (if appearing on his or her own behalf) shall
18 immediately serve this Order on all parties, including any new parties to the action.  If
19 this case came to the Court by a Petition for Removal, the removing defendant(s) shall
20 serve this Order on all other parties.

21

22 IT IS SO ORDERED.

23 DATED: <u>February 13, 2012</u>

24                                        **JOSEPHINE STATON TUCKER**
                                             JOSEPHINE STATON TUCKER
25                                               United States District Judge

26

27

28